Charles L. BARTHOLOMEW, Appellant,

v.

Louis ABRAMOWITZ, Appellee.

No. 20199.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 16, 1966.

Decided Dec. 20, 1966.

record convinces us that the evidence presented a typical case for the application of that doctrine and that the trial judge's charge in that regard was proper.

Appellant also claims that, if the last clear chance doctrine was applicable, error was committed by the trial court's failure to instruct the jury that the burden of proof was on appellee. There are two answers to this: (1) appellant failed to request such a charge; and, more importantly, (2) the trial court instructed the jury that "the burden of proof is on the plaintiff to establish *every aspect of his case* by what we call a fair preponderance of the evidence" [emphasis added], and then defined the term, preponderance of the evidence. This we think was sufficient, certainly in the absence of a request for more specificity.

We have examined the other errors urged for reversal and find no error.

Affirmed.

Mr. Paul J. Sedgwick, Washington, D. C., for appellant.

Mr. James B. Goding, Washington, D. C., for appellee.

Before BASTIAN, Senior Circuit Judge, McGOWAN and ROBINSON, Circuit Judges.

PER CURIAM:

This is an appeal from a judgment for appellee (plaintiff) for injuries sustained as the result of his being struck by an automobile owned by appellant (defendant).

We think it clear that the motions for directed verdict at the end of appellee's case and at the conclusion of the whole case were properly overruled.

Despite the vigorous contention of appellant that the trial court erred in instructing the jury on the last clear chance doctrine, our examination of the